THE NATIONAL CITY BANK OF NEW YORK, recurrente, v. EL
   REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 785.—*Sometido:* Octubre 30, 1929. *Resuelto:* Enero 22, 1930.

*Hartzell, Kelley & Hartzell* y *R. O. Fernández,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La sociedad mercantil Cobián, Solares & Cía., Sucrs., S. en C., suscribió un pagaré a favor de The National City Bank of New York, sucursal de San Juan, por $20,000 recibidos en préstamo de dicho banco y para garantía de su pago, de sus intereses y de cierta cantidad para costas otorgó escritura pública por la cual entregó en prenda a su acreedor varios pagarés otorgados a favor de la mercantil y en adición a esa garantía cedió y traspasó al banco varios créditos hipotecarios, conviniéndose por la cláusula décima lo siguiente:

"Si por cualquier circunstancia la mercantil Cobián, Solares & Compañía, Sucesores, Sociedad en Comandita, dejare de pagar el capital del préstamo o sus intereses, a su vencimiento o al vencimiento de las prórrogas que se hubieren concedido, o si dicha mercantil dejare de cumplir cualquiera de los términos o condiciones estipulados en la obligación garantizada, anteriormente descrita,

digo transcrita, o contenidos en la presente escritura, podrá The National City Bank of New York disponer de los referidos créditos hipotecarios en venta pública o privada, a su opción, sin requerimiento o notificación de clase alguna, a los cuales renuncia dicha mercantil, quedando el Banco autorizado para transferir en absoluto dichos créditos hipotecarios al comprador; y el Banco aplicará el producto de dicha venta al pago del capital más sus intereses y gastos que hubiere; pero si por el contrario, la mercantil deudora cumpliere todos los términos y condiciones de la referida obligación y de esta escritura, y pagare completamente el capital del préstamo, sus intereses y gastos, a su vencimiento o al vencimiento de las prórrogas que se hubieren concedido, entonces, The National City Bank of New York volverá a traspasar a dicha mercantil los créditos hipotecarios antes relacionados.''

En la décimotercera se estipuló lo que sigue:

''Los intereses sobre el préstamo representado por la obligación garantizada transcrita en el hecho primero de esta escritura, serán pagaderos por mensualidades vencidas, entendiéndose que si se faltare al pago de cualquier mensualidad de intereses a su vencimiento, se considerará vencido desde luego dicho préstamo y quedará el acreedor en aptitud de proceder a su cobro y a ejecutar las garantías constituídas en esta escritura.''

Esos créditos se hallan inscritos en varios registros y presentada esa escritura en el de la propiedad de Guayama el registrador la inscribió, haciendo constar lo siguiente:

''Inscrito el documento que precede, que es la escritura número 21 de fecha 25 de junio de 1929, otorgada en San Juan ante el notario Rafael O. Fernández García, con vista además de tres documentos complementarios, y sólo en cuanto al derecho de hipoteca que con el número '5' se describe en la página 21 de la escritura citada, al folio 107 vuelto del tomo 15 de Barranquitas, finca número 718, inscripción 4ª., denegándose la consignación de la cláusula décima de la expresada escritura en aquella parte en que faculta al cesionario para 'disponer de los referidos créditos hipotecarios en venta pública o privada, a su opción, sin requerimiento o notificación de clase alguna, a los cuales renuncia dicha mercantil, quedando el Banco autorizado para transferir en absoluto dichos créditos hipotecarios al comprador; y el Banco aplicará el producto de dicha venta al pago del capital más sus intereses y gastos que hubiere,' por el

motivo de que el pacto contenido en el párrafo transcrito es nulo y contrario a la Ley Hipotecaria, toda vez que siendo el contrato de cesión en este caso, en su esencia, una subhipoteca, es ilegal por parte del acreedor apropiarse y disponer libremente de la garantía hipotecaria, sin antes ejecutar la misma de acuerdo con las prescripciones y trámites de ley; y asimismo se deniega la consignación de la cláusula décimotercera por ser igualmente ilegal e ineficaz, dada la naturaleza del contrato, en lo que a esta cesión de hipoteca se refiere, tomándose en ambos casos anotación preventiva, etc.''

Por la negativa que contiene la nota de inscripción ha sido interpuesto este recurso.

■■ El contrato referido no es en su esencia una subhipoteca, como entiende el registrador, pues le falta la condición esencial y característica de los contratos de subhipoteca de seguir el subhipotecante siendo dueño del crédito hipotecario, ya que la mercantil Cobián, Solares & Cía., ha traspasado y cedido sus créditos hipotecarios al banco aunque con las condiciones convenidas en las cláusulas décima y décimatercera transcritas. Tampoco puede calificarse ese contrato como de subhipoteca por el hecho de que haya sido convenido que el banco traspasará nuevamente a la mercantil los créditos hipotecarios si le es satisfecha la deuda reconocida en el pagaré, pues aun considerada como venta de los créditos no cae dentro de las disposiciones de la Ley No. 47 de abril 13 de 1916 que presume hipoteca la venta con pacto de retro, entre otros casos cuando el vendedor paga intereses al comprador por el precio de la venta aunque se denomine canon de arrendamiento o se le dé otro nombre cualquiera, porque esa ley por sus términos se refiere a venta de propiedad inmueble y en este caso lo que se traspasa y cede son derechos hipotecarios, y porque por tales cesiones o ventas no paga interés el cedente sino por la obligación garantizada con esas cesiones condicionadas. Por consiguiente, dicho contrato no puede ser considerado como subhipoteca.

■■ En cuanto a las condiciones que el registrador se negó a inscribir en sus libros no encontramos que sean contra-

rias a la Ley Hipotecaria por no ser el contrato celebrado subhipoteca, como hemos dicho, ni nulas porque aunque no está expresamente regulado por el Código Civil, éste permite en su artículo 1222 que los contratantes pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarios a las leyes, a la moral o al orden público, y el pacto de que el cesionario de los créditos hipotecarios pueda disponer de dichos créditos en venta pública o privada, a su opción, sin requerimiento o notificación de clase alguna, a los cuales renuncia dicha mercantil, y autorizado el banco para transferirlos al comprador aplicando su producto al pago del capital adeudado, no reúne ninguno de los caracteres a que se refiere el artículo citado, pues no faculta esa cláusula al cesionario para apropiarse dichos créditos, como cree el registrador, sino para venderlos y por eso no cae dentro del precepto de la sección 2ª. de la Ley No. 47, *supra,* que declara nulo el pacto autorizando al hipotecario a adjudicarse la finca vendida por incumplimiento del contrato garantizado por la hipoteca; precepto que implícitamente parece admitir la legalidad de la cláusula que consideramos. Lo dicho es aplicable a la cláusula décimotercera.

*La nota recurrida debe ser revocada en la parte que lo ha sido.*